IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRISHA D. VIA, ) | |
| ) | Civil Action No. 7:16CV00579 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Trisha D. Via, was born on May 12, 1975, and eventually completed her high school education. Mrs. Via also completed one year in college. (TR 225). As found by the vocational expert who testified at the administrative hearing, plaintiff has worked as an insurance clerk, sock pairer, and customer order clerk. (TR 87-88). Mrs. Via last worked on a regular and sustained basis in 2005. On August 26, 2015, plaintiff filed application for a period of disability and

disability insurance benefits. The record suggests that multiple, earlier applications for such benefits had proven unsuccessful. In filing her most recent claim, plaintiff alleged that she became disabled for all forms of substantial gainful employment on June 1, 2005, due to psoriatic arthritis, fibromyalgia, degenerative disc disease, depression, and migraines. She now maintains that she has remained disabled to the present time. The record reveals that Mrs. Via met the insured status requirements of the Act through the fourth quarter of 2010, but not thereafter. See gen., 42 U.S.C. § 416(i) and 423(a). Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2010. See 42 U.S.C. § 423(a).

Mrs. Via's most recent application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated August 10, 2016, the Law Judge also determined that plaintiff was not disabled. The Law Judge found that Mrs. Via suffered from several severe impairments, including fibromyalgia, obesity, migraines, and degenerative disc disease. (TR 20). Because of her physical problems, the Law Judge held that plaintiff was disabled for all of her past work roles. (TR 33). However, the Law Judge ruled that Mrs. Via retained sufficient functional capacity for a limited range of light work at all relevant times prior to termination of insured status. The Law Judge assessed Mrs. Via's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with exceptions. The claimant could occasionally reach, handle, finger, and feel with her right upper extremity. She had to avoid more than occasional exposure to excessive noise and vibration.

2

(TR 23). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that Mrs. Via retained sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy. (TR 34-35). Accordingly, the Law Judge ultimately concluded that plaintiff was not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Via has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Via has a history of migraine headaches, as well as fibromyalgia. She experiences obesity. She also has a history of low back pain, which her doctors have attributed to degenerative disease process. At the administrative hearing, plaintiff testified that her pain radiates into multiple extremities. Several diagnostic studies completed prior to termination of insured status were not overly remarkable. She underwent a hip

3

replacement in 2014. More recently, a treating physician, Dr. Garry Bayliss, has diagnosed psoriatic arthritis, though there is some reason to believe that plaintiff has been suffering from the symptoms of this condition for many years. In a note dated May 2, 2016, Dr. Bayliss opined that plaintiff has been disabled due to psoriatic arthritis and fibromyalgia since "the onset of these problems." (TR 1017).

The Administrative Law Judge determined that Mrs. Via was not disabled for lighter forms of work activity at any time prior to the termination of insured status. The Law Judge tracked plaintiff's extensive medical history, noting that several diagnostic studies and clinical evaluations have proven unremarkable. Indeed, several treating rheumatologists, both before and after termination of insured status, have attributed plaintiff's symptomatology to fibromyalgia, in the absence of physical findings of severe musculoskeletal abnormalities or defects.

In denying plaintiff's claim, the Law Judge also relied on a consultative physical evaluation performed by Dr. William Humphries on September 21, 2012. Based on his review of Mrs. Via's medical history, as well as his own clinical findings, Dr. Humphries diagnosed obesity; fibromyalgia by history with multiple myalgias and arthralgias; recurrent headaches, probably migraine; diminished pulses in both lower extremities of unknown etiology; and degenerative disc disease of the lumbar spine. (TR 928). Dr. Humphries assessed plaintiff's functional capacity as follows:

> Based on objective findings of this evaluation, the examinee will be limited to sitting 6 hours in an 8 hour day, to standing and walking 6 hours in an 8 hour day, lifting 20 pounds occasionally and 10 pounds frequently. She is limited to occasional climbing, kneeling, and crawling. There will be no restriction regarding stooping or crouching. She should avoid heights and hazards. There will be no fume restriction.

(TR 928).

4

In his opinion, the Law Judge also relied on medical interrogatories propounded to Dr. Leonard Rubin. Based on his record review, Dr. Rubin opined that Mrs. Via could have performed lighter forms of work involving occasional use of the hands and feet. (TR 1033-38).

The court believes that the Administrative Law Judge reasonably relied on the reports from Dr. Humphries and Dr. Rubin in concluding that plaintiff's physical impairments were not so severe as to have prevented performance of lighter forms of work activity. Both medical specialists reviewed plaintiff's medical history and records for the periods both before and after termination of her insured status. Both medical specialists, as well as the Law Judge, observed that Mrs. Via's medical record simply does not include objective documentation of serious musculoskeletal problems. Likewise, there is no indication that her fibromyalgia, which Dr. Rubin described as poorly documented (TR 1032), could have been expected to have rendered her disabled for all work-related activity during the critical period. In short, the court finds substantial evidence to support the Law Judge's determination that Mrs. Via retained sufficient functional capacity for lighter forms of work activity, not involving constant use of her hands and feet, at all relevant times.

On appeal to this court, Mrs. Via, through counsel, makes several arguments in support of her motion for summary judgment. Even assuming that she was capable of a limited range of light exertion prior to termination of insured status, plaintiff contends that the Law Judge improperly relied on the testimony of the vocational expert in identifying alternate jobs which she could have been expected to perform. In his opinion, the Administrative Law Judge adopted input from a vocational expert in holding that Mrs. Via retained sufficient functional capacity to engage in work as a telephone solicitor, information clerk, gate guard, tanning salon attendant, and furniture rental consultant. Mrs. Via notes that, in her motion for summary judgment, the Commissioner does not

provide any argument that plaintiff can do work as a gate guard, tanning salon attendant, or information clerk. Thus, Mrs. Via maintains that the critical issue in her case is whether the vocational expert properly identified jobs as a telephone solicitor and furniture rental consultant as viable, alternate work roles. Mrs. Via goes on to observe that, under the Dictionary of Occupational Titles, the job of telephone solicitor requires frequent fingering and some skills. Consequently, plaintiff argues that such work is outside the residual functional capacity established in her case by the Administrative Law Judge. As for the work of furniture rental consultant, plaintiff points out that the Dictionary of Occupational Title listing for such a job has not been updated since 1986, and that it is extremely likely that the job is very different in today's work world. Stated succinctly, Mrs. Via argues that the Law Judge did not address the conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles. See Pearson v. Colvin, 810 F.3d 204 (4th Cir. 2015)(ALJ must identify conflicts between testimony of a vocational expert and the Dictionary of Occupational Titles before relying on expert's testimony at step 5 of the sequential disability evaluation; See 20 C.F.R. § 404.1520(g)).

The court finds no error in the Law Judge's treatment of plaintiff's case, such as to require remand for further development and consideration. As a general matter, the court notes that the Law Judge may reasonably rely on job data from various governmental and other publications in assessing a claimant's capacity for alternate work activity. See 20 C.F.R. § 404.1567(d)(1). On the other hand, the Law Judge may also rely on input from a vocational expert in addressing such issues. 20 C.F.R. § 404.1567(e). As recognized by the United States Court of Appeals for the Fourth Circuit in Pearson, Social Security Ruling 00-4p requires a Law Judge to resolve conflicts between a vocational expert's testimony and the listings of the Dictionary of Occupational Titles.

810 F.3d at 208. However, it is only necessary that the Law Judge address conflicts that are "apparent." 810 F.3d at 209.

In the instant case, the court does not believe that the Law Judge failed to address "apparent" conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles. No conflicts were brought to the Law Judge's attention at the administrative hearing. More to the point, the court believes that the Law Judge might reasonably rely on the vocational expert's assessment that not all telephone solicitor jobs require more than occasional fingering and handling. Finally, the court does not believe that the Law Judge could be expected to discern an "apparent conflict" in the vocational expert's testimony as to the job of furniture rental consultant simply based on the passage of time. In summary, the court believes that the Law Judge reasonably relied on the testimony of the vocational expert in determining that Mrs. Via could have been expected to perform several specific light work roles existing in significant number in the national economy, at all relevant times prior to the termination of insured status.

As a second argument, Mrs. Via urges that the Law Judge failed to give controlling weight to the opinion of one of her treating rheumatologists, Dr. Garry Bayliss. It is true that, as a general matter, the administrative regulations require that greater weight be given to opinions from a treating medical source. See 20 C.F.R. § 404.1527(c)(2). However, the court believes that, in the instant case, the Law Judge properly determined to give greater weight to other medical evidence. Dr. Bayliss' opinion was rendered many years after termination of insured status. While he related his finding of disability back to an earlier time, Dr. Bayliss cited no real clinical findings in support of his opinion as to plaintiff's disability. Perhaps most importantly, while Dr. Bayliss opined in 2016 that plaintiff's psoriatic arthritis was a major source of plaintiff's pain (TR 1017), this

7

condition was not first diagnosed until 2014. (TR 752). In 2015, Mrs. Via was noted to have normal range of motion in all of her upper and lower extremities. (TR 799). Given the medical record in this case, the court believes that there is substantial evidence to support the Law Judge's determination not to give controlling weight to Dr. Bayliss' opinion.

Finally, Mrs. Via maintains that the Law Judge did not properly consider her testimony and subjective complaints. While it is true that Mrs. Via's testimony at the administrative hearing suggests that she experienced disabling pain as early as 2005, the court must again note that much of plaintiff's testimony is simply not in proportion to the objective medical findings, both before and after termination of insured status. The court observes that the Administrative Law Judge addressed several sources of information as to plaintiff's subjective discomfort in establishing her residual functional capacity. (TR 21-25). The court believes that the Law Judge's treatment of the pain issues, as well as his evaluation of plaintiff's residual functional capacity, is consistent with the protocol established in the recent case of Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). Simply stated, the court finds no fault with the Law Judge's assessment of plaintiff's subjective symptomatology.

In affirming the Commissioner's final decision, the court goes not suggest that Mrs. Via was free of all pain, discomfort, weakness, and related dysfunction. Indeed, the medical record confirms that plaintiff suffered from definite problems which could have been expected to result in significant limitations. Based on the more recent medical evidence, there is reason to believe that Mrs. Via has now become disabled for all forms of substantial gainful employment. However, as to the period of time prior to the termination of insured status, the court again notes that plaintiff's complaints were somewhat out of proportion to the objective medical evidence, as well as the

opinions and reports of several physicians who offered work-related assessments. It is well settled that, in order for pain to be deemed disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996). It follows that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, supra, at 594-95. Once again, it appears to the court that the Administrative Law Judge considered all of the medical evidence, as well as all of the subjective factors reasonably supported by the record, in adjudicating plaintiff's claim for benefits. Thus, the court concludes that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 30th day of August, 2017.

_____
United States District Judge